UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-126-2-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOSE JOAN CRUZ-SANTENDER, | ) | |
| Defendant. | ) | |

The defendant has completed his evaluation as ordered by this court on December 29, 2009 [DE-80], and an evaluation report has been prepared. This case is set for competency determination and arraignment during this court's July 19, 2010, term of court. The court notes that a number of pre-trial motions still are pending that were held in abeyance by the order of December 29th. Although the Government has not responded to those motions, they are ripe, and are adjudicated as follows:

Jose Cruz-Santender's Motions for Release of Brady Materials [DE-73] and for Favorable Evidence [DE-74] are ALLOWED. To the extent the Government has not done so already, it is DIRECTED immediately to produce any potentially favorable evidence[1] as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. As to any such material which the Government seeks to withhold, the Government contemporaneously shall produce for examination by the undersigned *in camera* a

---

[1] "Favorable evidence" includes evidence tending to exculpate the defendant, as well as any evidence adversely affecting the credibility of the Government's witnesses. *See United States v. Bagley*, 478 U.S. 667, 676-77 (1985); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972).

privilege log generally describing the nature of such evidence, and shall show cause in writing why it has been withheld. The burden shall remain on the Government to demonstrate that the material is not subject to disclosure as herein ordered.

To the extent that the Government has not already produced statements made by the defendant as required by Rule 16(a)(1)(A), Fed. R. Crim. P., Cruz-Santander's Motion for Inculpatory Statements [DE-75], is ALLOWED. To the extent he seeks early disclosure of statements made by alleged co-conspirators who are expected to testify as Government witnesses at trial [DE-77], or early production of grand jury testimony, those motions are DENIED, as such disclosures are governed by the *Jencks* Act. However, to the extent that the defendant seeks disclosure of statements made by alleged co-conspirators who are not prospective Government witnesses, that motion is ALLOWED, and the Government is ORDERED to produce any such statements, provided that such disclosure would not unnecessarily reveal sensitive information.

The defendant's Motion to Sequester Witnesses [DE-76] at trial is ALLOWED.

SO ORDERED.

This, the 15th day of July, 2010.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge